IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America

      v.                Docket No. 21-CR-178-APM-3

Markus Maly

**Defendant's Motion to Suppress Statements**

Around six in the morning on January 26, a half-dozen police officers descended on Mr. Maly's residence to arrest him for actions he allegedly took more than a year in the past. Several officers outfitted in military-style fatigues, a few with long guns that resembled assault rifles, and a few with battle-helmets bearing night-vision goggles (or items eerily similar to such goggles), rode to the residence in an armored personnel carrier escorted by at least one uniformed patrol car. The officers quickly arrested Mr. Maly once they got to his house. While he was in the back of a police car, officers used a loudspeaker to order Mr. Maly's family to evacuate the residence—a loudspeaker in a residential neighborhood at six in the morning coming from an armored personnel carrier with police lights flashing. Once the family gathered in the garage, officers used a drone to fly through the house. In all, the officers looked more at home in a warzone than suburban Virginia.

When the officers arrested Mr. Maly, they placed him in the back of a police car with his hands cuffed behind his back. And then the officers interrogated him about January 6th. And, according to the officers, Mr. Maly answered questions. According to the officers, Mr. Maly was advised of his rights and signed a waiver of rights form. Mr. Maly disputes this claim and does not believe he signed any form or was advised of any of his rights.

Though officers were armed and equipped with the best gear available to them, they managed to interview Mr. Maly without any audio or video recording equipment. An FBI 302 is the only documentary evidence produced by the interview. Mr. Maly moves this court

to suppress any statements he made while he was in custody and subjected to police interrogation unless the government can prove that he waived his *Miranda* rights.

### Mr. Maly was in custody when police questioned him.

For analysis under *Miranda*, a person is in custody when he is "deprived of his freedom of action in any significant way." *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966). A person can be in custody even when in his own home, provided that officers "turn[ ] the otherwise comfortable and familiar surroundings of the home into a 'police dominated' environment." *United States v. Richardson*, 36 F. Supp. 3d 120, (D.D.C 2014) (citing *United States v. Savoy*, 889 F. Supp. 2d 78, 108 (D. D.C. 2012)).

Mr. Maly was clearly in custody when he was interrogated by police. He was handcuffed, having just been arrested in the early-morning hours after being awakened by visibly-armed officers dressed in military uniforms. He was under arrest and unable to move about freely in any meaningful way.

### Police interrogated Mr. Maly when they questioned him.

"[E]xpress questioning" that "the police should know [is] likely to elicit an incriminating response" is interrogation for *Miranda* analysis. *See Rhode Island v. Innis*, 446 U.S. 291, 298 (1980). Police directly questioned Mr. Maly about his presence at the Capitol on January 6, including how he got there, what he did there, and whether he used, carried, or attempted to use any pepper spray. They directly questioned him about his actions and knew that his answers could well produced incriminating responses. His questioning was textbook interrogation.

### Conclusion

Police questioned Mr. Maly about his actions on January 6. They did so after arresting him and placing him in the back of a police car. Government agents claim that Mr. Maly waived his rights. Mr. Maly disputes this claim. If the court finds that Mr. Maly

waived his rights before he answered questions, he would have no claim that his statements should be suppressed. However, if the court does not find that Mr. Maly waived his rights before he was subjected to custodial interrogation, the court should suppress from evidence any statements the government attributes to him during that time. Mr. Maly respectfully requests the Court schedule a meeting to resolve this question of fact.

Respectfully submitted,

/s/ Benjamin Schiffelbein
Assistant Federal Public Defender
NH Bar No. 267593
210 First Street, Ste 400
Roanoke VA 24011
Benjamin_Schiffelbein@fd.org