**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-178 (APM) |
| v. : | |
| : | |
| PETER J. SCHWARTZ, et. al., : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S NOTICE OF INTENT TO EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(b) AS TO DEFENDANT MARKUS MALY**

Defendant Markus Maly is currently charged by indictment with a variety of crimes arising out of his participation in the January 6, 2021, riot at the U.S. Capitol building. The government submits this notice of intent to introduce evidence pursuant to Federal Rule of Evidence 404(b) as to defendant Markus Maly.

The government provides notice that it may introduce written statements or images sent by Maly during and after January 6, 2021, that relate to the Maly's conduct or state of mind on January 6, 2021. These statements have been produced in discovery, and span from January 6-12, 2021. These statements are offered as direct evidence of Maly's knowledge, intent, and motive to commit the charged offenses and thus are not "other crimes, wrongs, or acts" under Rule 404(b). These statements are also admissible as admissions by a party opponent under Rule 801. Regardless, the government moves for their admission and provides this notice out of an abundance of caution, in the event the statements are deemed prior acts of the defendant.

I.   **FACTUAL BACKGROUND**

    A.   **Maly's Communications Regarding the Events of January 6, 2021**

Pursuant to legal process, Maly's Facebook account was reviewed. The Facebook account

1

showed communications and posts from Maly about his attendance at the U.S. Capitol on January 6, 2021. The results of the Facebook review have been provided to Maly through discovery, and a copy of the statements being noticed as potential 404(b) evidence are attached as Government's Exhibit A.

On January 6, 2021, at approximately 16:16 EST, an individual with whom Maly was communicating asked Maly how it was going. Maly responded via Facebook with, "We took the fuckin capital…" and, later, "It was awesome." Screenshots of the conversation are included below:

> **Author** Jennifer Murphy (Facebook: 1175296491)
> **Sent** 2021-01-06 16:20:33 UTC
> **Body** When are you going to let me know how its going?
>
> **Author** Jennifer Murphy (Facebook: 1175296491)
> **Sent** 2021-01-06 17:04:31 UTC
> **Body** I'm trying to call you back
>
> **Author** Mark Maly (Facebook: 100006627407496)
> **Sent** 2021-01-06 17:21:29 UTC
> **Body** It's going good. Can't hear shirt and hard to move.
>
> **Author** Jennifer Murphy (Facebook: 1175296491)
> **Sent** 2021-01-06 17:22:05 UTC
> **Body** I hope youre taking pictures. I cant find anything about it online.
>
> **Author** Jennifer Murphy (Facebook: 1175296491)
> **Sent** 2021-01-06 17:29:29 UTC
> **Body** Either theres too many people there using the signal or its being
>
> 2021-1-6 **(10)**

> messed with. Just take some video for me & I'll watch it when you get home.
> I love you.
>
> **Author** Jennifer Murphy (Facebook: 1175296491)
> **Sent** 2021-01-06 18:41:33 UTC
> **Body** Arizona challenged their vote tally.
>
> 2021-1-6 **(11)**

> **Author** Mark Maly (Facebook: 100006627407496)
> **Sent** 2021-01-06 21:16:10 UTC
> **Body** We took the fuckin capital…
>
> **Author** Jennifer Murphy (Facebook: 1175296491)
> **Sent** 2021-01-06 21:17:17 UTC
> **Body** I'm going to kick your ass.
>
> **Author** Mark Maly (Facebook: 100006627407496)
> **Sent** 2021-01-06 21:17:44 UTC
> **Body** It was awesome.

At approximately 16:32 EST, Maly messaged this same individual in response to their concern about violence at the Capitol, writing, "I know… I've got stories though," and "I was so fun…", "It.."  He later told the same individual that, "Honestly I wish I coulda stayed and played some more…"  Images of that conversation are screenshotted below:

```
Author  Mark Maly (Facebook: 100006627407496)
Sent    2021-01-06 21:32:46 UTC
Body    I know... I've got stories though.

Author  Mark Maly (Facebook: 100006627407496)
Sent    2021-01-06 21:33:02 UTC
Body    I was so fun...

Author  Mark Maly (Facebook: 100006627407496)
Sent    2021-01-06 21:33:08 UTC
Body    It..

2021-1-6                                            (13)
```

```
Author  Jennifer Murphy (Facebook: 1175296491)
Sent    2021-01-06 22:29:04 UTC
Body    K good. Police are arresting people at the capitol now. They're
        using "flash bombs"? Idk what those are.
        National guard is there also.

Author  Mark Maly (Facebook: 100006627407496)
Sent    2021-01-06 22:32:05 UTC
Body    Honestly I wish I coulda stayed and played some more...

Author  Jennifer Murphy (Facebook: 1175296491)
Sent    2021-01-06 22:33:02 UTC
Body    You've had your quota of fun & storming capitols for the year.

Author  Mark Maly (Facebook: 100006627407496)
Sent    2021-01-06 22:33:47 UTC
Body    Looks like I'll be back on the 20th...
```

On January 7, 2021, Maly informed a Facebook user named "Daniel" about what Maly had done and seen at the Capitol:

3

> **Author** Mark Maly (Facebook: 100006627407496)
> **Sent** 2021-01-07 15:06:46 UTC
> **Body** Daniel, I want to tell you that I was in D.C. for the event yesterday as well. I was looking for you but couldn't find you in the sea of people.
> Anyway, I ended up going to the capital building after Trumps speech as well. On my way there I was finally able to get some phone signal and was able to get an update on what was going on with our V.P.. Buy the time I got to the capital I was pissed. The crowd had already made it passed the barricades and were up in the rafters of the scaffolding. I made my way up to where the action was and saw the cops being backed into the corner and retreating into the capital building via a side door. There was tear gas, pepper spray and mace being used as you would imagine in that situation. At that point I was actually close enough to be yelling 'let them retreat' to people engaged with them. But don't get me wrong. I was pissed off. I am a pissed off American, God loving Trump supporter. I went to D.C. to help my President as a
>
> 2020-1-7                                                                 **(16)**

> patriot as I think many did. At what point do we stop standing around texting how mad we are and do something? Antifa was definitely there but not as themselves or else things might have been different. The reason it was able to go down the way it did was simple. We the people are pissed. So now what...?
>
> 2021-1-7                                                                 **(17)**

Maly also commented on another Facebook user's post and stated in part, "There were lots of pissed off patriots there and we wanted our voices to be heard.   I myself one [sic] of them. We were there to support President Trump and the voting process.   A voting process that was hijacked and stolen from us."   A screenshot from the Facebook record is here:

> **Time** 2021-01-07 17:40:15 UTC
> **Type** Comments
> **Summary** Mark Maly commented on a post from January 7. `Not for necessarily storming the capital but for breaking in and breeching yes. There were a lot of pissed off patriots there and we wanted our voices to be heard. I myself one of them. We were there to support President Trump and the voting process. A voting process that was hijacked and stolen from us. There is no doubt that the operatives inside that building were antifa...`
>
> 2021-1-7                                                                 **(18)**

On January 7, 2021, Maly also engaged in conversation with one of his contacts.   Maly stated to this individual, "No I didn't go inside.   I did have a riot shield but half way back to the

4

bus a cop say [sic] me and took it from me . . . ."  This individual responded with "Should have stood your ground with it."  Maly replied "I stood my ground and went back for seconds and thirds even."

## II. GENERAL LEGAL STANDARD AND PRINCIPLES

Federal Rule of Evidence 404(b)(2)(A) requires that the government must provide "reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial." Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. *See United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000) (citing Fed. R. Evid. 404(b)).  As the United States Court of Appeals for the D.C. Circuit has instructed, Rule 404(b) is a rule of "inclusion rather than exclusion." *Bowie*, 232 F.3d at 929.  Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' — for the purpose of proving that a person's actions conformed to his character." *Id.* at 929-30 (quoting *United States v. Crowder,* 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*) ("*Crowder II*")); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character") (quoting *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).

There is a two-pronged test for determining whether evidence of prior crimes is admissible under Rule 404(b).  First, the evidence must be "probative of a material issue other than character." *Miller*, 895 F.2d at 1435 (citation omitted).  Second, the evidence is subject to the

5

balancing test of Federal Rule of Evidence 403, which renders it inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *Id.* Furthermore, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair." *Cassell*, 292 F.3d at 796 (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) for the proposition that "[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'"); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value." (citations and punctuation omitted) (emphasis in original)).

Admission of Rule 404(b) evidence is permitted in the government's case-in-chief. Specifically, the government is entitled to anticipate the defendant's denial of intent and knowledge and to introduce similar act evidence as part of its case-in-chief. *See United States v. Inserra*, 34 F.3d 83, 90 (2d Cir. 1994) ("[Rule 404(b) other crimes evidence] is admissible during the government's case-in-chief if it is apparent that the defendant will dispute that issue"); *United States v. Lewis*, 759 F.2d 1316, 1349 n.14 (8th Cir. 1985) ("It was not necessary for the government to await defendant's denial of intent or knowledge before introducing [Rule 404(b) other crimes] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief"); *United States v. Bussey*, 432 F.2d 1330, 1333 n.13 (D.C. Cir. 1970) (noting that Rule 404(b) other crimes evidence to prove identity and to prove that prior and subsequent offenses are so identical as to mark them as handiwork of the defendant should be introduced in the government's case-in-chief).

Some evidence that is "intrinsic" to the government's case is not Rule 404(b) evidence at

6

all. "In other words, Rule 404(b) only applies to truly 'other' crimes and bad acts; it does not apply to 'evidence . . . of an act that is part of the charged offense' or of 'uncharged acts performed contemporaneously with the charged crime . . . if they facilitate the commission of the charged crime.'" *United States v. McGill*, 815 F.3d 846, 879 (D.C. Cir. 2016) (quoting *Bowie*, 232 F.3d at 929). "Notably, 'intrinsic' evidence of a charged offense will always satisfy the requirements of Rule 404(b), thus the distinction [between intrinsic and 'other' acts evidence] serves only to 'relieve the prosecution of Rule 404(b)'s notice requirement and the Court of its obligation to given an appropriate limiting instruction upon defense counsel's request.'" *United States v. Edwards*, 889 F. Supp. 2d 47, 49 (D.D.C. 2012) (quoting *Bowie*, 232 F.3d at 927).

### III. ARGUMENT

Maly's electronic communications on and after January 6, 2021, are admissible to show Maly's knowledge and intent. Those statements circumstantially indicate Maly's view that January 6 involved efforts to "Stop the Steal." They indicate Maly's interest in voter fraud (*e.g.*, the "highjacking of the voting process") and support for the outgoing administration (*e.g.*, "I went to D.C. to help my President as a patriot as I think many did."). These messages, during and immediately after Maly's violent participation in the events of January 6, 2021, are relevant to proving Maly's intent and motive on that date. *E.g.*, *United States v. Duran*, 884 F. Supp. 558, 561 (D.D.C. 1995) ("[h]ostility is a paradigmatic motive for committing a crime"); *Moore*, 732 F.2d at 991 ("The intent with which a person commits an act on a given occasion can many times be best proven by testimony or evidence of his acts over a period of time prior thereto . . . ."). They also indicate Maly's knowledge of his presence in a restricted area by making it "past the barricades" to "where the action was." The government views them as inextricably intertwined

7

with Maly's offense, and thus not "other" acts under Rule 404(b).

But even if those statements are considered prior acts rather than evidence intrinsic to proof of these offenses, the statements are admissible under Rule 404(b) to prove Maly's intent or motive. *See Duran*, 884 F. Supp. at 561 (admitting prior bad acts indicating hostile relationship toward federal government); *Moore*, 732 F.2d at 987-91 (admitting prior acts as relevant to intent). Because the statements do not involve prior bad acts or criminal conduct, there is, again, little likelihood that a jury would conclude that Maly's having made these statements makes it more likely Maly was the individual who committed the charged crimes on January 6. Here, "[t]he risk of unfair prejudice . . . is minimized because the only obvious use for the bad acts testimony is the proper use" of showing intent or motive. *Moore*, 732 F.2d at 990. And it "is a sound rule that the balance" of admissibility under Rule 403 "should generally be struck in favor of admission when the evidence," as here, has "a close relationship," temporally and substantively, "to the event charged.'" *United States v. Cooper*, 229 F. Supp. 3d 75, 76 (D.D.C. 2017) (quoting *Cassell*, 292 F.3d at 795).

Finally, Maly's discussions about what he did in Washington, D.C. are evidence of his travel to the U.S. Capitol on January 6, 2021, and of his intent. Maly's communications on January 6th are evidence of Maly's location on that day, his conduct, and his intent, and so are evidence of elements of the charged crimes. In any event, because those communications would not be offered to show Maly's propensity to commit any crime, much less solely to show propensity, the statements would be admissible under Rule 404(b) if that rule applies.

## CONCLUSION

The government requests that the Court permit at trial the introduction of the evidence

8

described above, pursuant to Federal Rule of Evidence 404(b).

                              Respectfully submitted,

                              MATTHEW M. GRAVES
                              United States Attorney
                              D.C. Bar Number 481052

By:     */s/ Stephen J. Rancourt*
                              Stephen J. Rancourt
                              Texas Bar No. 24079181
                              Assistant United States Attorney, Detailee
                              601 D Street, NW
                              Washington, D.C. 20530
                              (806) 472-7398
                              stephen.rancourt@usdoj.gov